IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Terry T. Barrett, | ) | C/A 0:05-2081-CMC-BM |
| | ) | |
| Petitioner, | ) | **OPINION and ORDER** |
| | ) | |
| -versus- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal inmate currently incarcerated at FCI–Edgefield, South Carolina,

pursuant to a 1997 Judgment and Commitment Order entered in the Western District of Missouri.

Petitioner was convicted in either 1996 or 1997 of a conspiracy to possess with intent to distribute

marijuana, cocaine, crack cocaine, and phencyclidine. *United States v. Brooks, et al.*, 175 F.3d 605,

606 (8th Cir. 1999). Petitioner's conviction was thereafter affirmed by the Eighth Circuit Court of

Appeals.[1] In 2000, Petitioner filed a petition pursuant to 28 U.S.C. § 2255 in the Western District

of Missouri, which was granted. Petitioner was thereafter resentenced, although his conviction

remained intact.[2] Petitioner, represented by counsel, has now filed a petition in this district pursuant

to 28 U.S.C. § 2241, challenging his sentence in light of the Supreme Court's decision in *United*

*States v. Booker*, 543 U.S. ___, 125 S. Ct 738 (2005).

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule

73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant

---

[1]The Petition does not indicate that a challenge to Petitioner's sentence was raised on direct appeal pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2]Petitioner provides no information as to why the § 2255 was granted and his sentence reduced from life to 185 months' imprisonment.

for pre-trial proceedings and a Report and Recommendation.  On August 18, 2005, the Magistrate Judge issued a Report recommending the Petition be dismissed without prejudice and without requiring Respondent to file a return because Petitioner's claims should be construed as arising under 28 U.S.C. § 2255.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so.  Petitioner, through counsel, filed objections to the Report and Recommendation on September 7, 2005.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court overrules Petitioner's objections and finds this matter to be controlled by the decision of the Fourth Circuit Court of Appeals in *In re Jones*, 226 F.3d 328 (4th Cir. 2000).

In *Jones*, Petitioner Byron Jones argued that § 2255 was inadequate to test the legality of his detention.  In 1993, Jones was convicted of, *inter alia*, carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).  Jones filed a direct appeal of his conviction, which was affirmed by the Fourth Circuit. *See United States v. Jones*, 16 F.3d 413 (4th

Cir. 1994) (per curiam) (unpublished).  Jones thereafter filed a § 2255 petition, which was rejected

by the Fourth Circuit in January, 1996.  *See United States v. Jones*, 74 F.3d 1234 (4th Cir. 1996) (per

curiam) (unpublished).

Meanwhile, in December, 1995, the United States Supreme Court decided *Bailey v. United*

*States*, 516 U.S. 137 (1995).   In *Bailey*, the Court held that the Government must prove active

employment of a firearm in order to convict an individual under the "use" prong of § 924(c)(1).

Jones thereafter sought authorization from the Fourth Circuit to file a successive petition pursuant

to § 2255, which the Fourth Circuit declined to grant.  In the petition at issue in *Jones*,[3] Jones argued,

*inter alia*, that he should be entitled to file a petition for writ of habeas corpus under § 2241 because

§ 2255 was inadequate to test the legality of his detention.  In *Jones*, the Fourth Circuit held that "in

a limited number of circumstances . . . § 2255  . . . is inadequate or ineffective to test the legality of

the detention of federal prisoners."  *Jones*, *supra*, 226 F.3d at 333.  The court held that

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at
> the time of conviction, settled law of this circuit or the Supreme Court established the
> legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §
> 2255 motion, the substantive law changed such that the *conduct of which the*
> *prisoner was convicted is deemed not to be criminal*; and (3) the prisoner cannot
> satisfy the gatekeeping provisions of § 2255 because the new rule is *not one of*
> *constitutional law*.

 *Id*. at 333-34 (emphasis added).

---

[3]Jones had filed a petition under 28 U.S.C. § 2244 seeking authorization to file a successive
§ 2255 petition in light of the Supreme Court's decision in *Bousely v. United States*, 523 U.S. 614
(1998) (recognizing that *Bailey* claim could be brought on collateral review).  The Fourth Circuit
declined to grant Jones this authorization, but when Jones sought authorization a third time under
the Fourth Circuit case of *Mueller v. Angelone*, 181 F.3d 557 (4th Cir. 1999), *cert denied*, 527 U.S.
1065 (1999), the Fourth Circuit appointed counsel and requested briefs from the parties.

In the present matter, Petitioner cannot meet the second or third prongs of this test. Petitioner cannot meet the second prong because he does not assert that the crime for which he was convicted was deemed not to have been criminal conduct in light of *Booker*. Petitioner cannot meet the third element of the test either because *Booker*, an extension of the Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296 (2004), is a rule of constitutional law, not a statutory interpretation, as was *Bailey*.

The court agrees with the Magistrate Judge that Petitioner's remedy lies in an application to the Eighth Circuit to file a successive petition under § 2255.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice and without requiring Respondent to file a return in this matter.

**IT IS SO ORDERED**.

                                        s/ Cameron McGowan Currie
                                        CAMERON McGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 29, 2005

C:\temp\notesFFF692\05-2081 Barrett v. USA e denying 2241 petition.wpd